UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IRDI REYNARDO MOTA RODRIGUEZ,

v.                          Case No. 8:21-cr-65-VMC-CPT
                                     8:23-cv-396-VMC-CPT

UNITED STATES OF AMERICA.

_____/

**ORDER**

This matter is before the Court on Irdi Reynardo Mota Rodriguez's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. ## 1, 2; Crim. Doc. ## 113, 114), which was filed on February 9, 2023. The United States of America responded on June 8, 2023. (Civ. Doc. # 10). Mota Rodriguez failed to file a reply. For the reasons that follow, the Motion is denied.

**I.   Background**

On February 18, 2021, a federal grand jury in Tampa returned an indictment against Mota Rodriguez. (Crim. Doc. # 11). He was charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States (Count One), and possession with intent to distribute five kilograms or more of cocaine (Count Two).

1

(Id.). On December 6, 2021, Mota Rodriguez entered a guilty plea to Count One pursuant to a plea agreement. (Crim. Doc. ## 72, 75, 86, 89).

During the change of plea hearing, Mota Rodriguez affirmed — through an interpreter and under oath — that he had reviewed all the facts and evidence with his counsel. (Crim. Doc. # 115 at 10). Mota Rodriguez was fully satisfied with the advice and representation he received from counsel. (Id.). He understood all the terms of the plea agreement and received no outside promises in exchange for his plea. (Id. at 18). The Court warned Mota Rodriguez that he could not withdraw his guilty plea if his sentence was higher than he expected. (Id. at 22). Mota Rodriguez recognized his limited right to appeal and the valuable rights he lost, including the right to proceed to trial. (Id. at 22-26). He also understood the elements of the offense and that he faced a mandatory-minimum term of 10 years' imprisonment. (Id. at 19–20, 25–26).

Also during the change of plea hearing, the United States recited the factual basis, which included that the vessel was in international waters, the vessel had no indicia of nationality, and no one claimed a nationality for the vessel. (Id. at 27–30). Indeed, the plea agreement asserts:

> None of the individuals on board claimed to be the person in charge, and none claimed nationality for the vessel, after being requested to do so by an officer authorized to enforce provisions of United States law. . . . Since no indicia of nationality was observed on the [vessel] and no claim of nationality was made for the vessel after a request was made, the [vessel] was treated as without nationality, and subject to the jurisdiction of the United States.

(Crim. Doc. # 89 at 17-18). Mota Rodriguez agreed that those facts were true and accurate. (Crim. Doc. # 115 at 30). When asked if he had "any disagreement with those facts," Mota Rodriguez said "No, sir, everything is perfect." (Id.). Having determined that a factual basis supported the charges, the Court found Mota Rodriguez's guilty plea to be knowing and voluntary. (Id. at 31).

The Court adjudicated him guilty. (Crim. Doc. # 86). The Court subsequently sentenced Mota Rodriguez to 87 months' imprisonment, a below guidelines sentence. (Crim. Doc. # 108). Mota Rodriguez did not appeal.

Now, Mota Rodriguez seeks post-conviction relief. (Civ. Doc. ## 1, 2; Crim. Doc. ## 113, 114). The United States has responded. (Civ. Doc. # 10). Mota Rodriguez did not file a reply. The Motion is ripe for review.

3

## II.  **Discussion**

Mota Rodriguez bears the burden of proving that he is entitled to relief under Section 2255. Rivers v. United States, 777 F.3d 1304, 1316 (11th Cir. 2015). He raises eight grounds for relief in his 2255 Motion. (Civ. Doc. # 2 at 1). They are:

> (1) "Petitioner was subject to violations of his constitutional rights under the 6th Amendment to the US Constitution requiring effective assistance of counsel."
>
> (2) "Violation the [] 8th amendment requiring no unusual or cruel punishment."
>
> (3) "Violations to the 5th amendment against self-incrimination and speedy trial."
>
> (4) "Violations of due process of law according to the 4th and 14th amendment to the US Constitution."
>
> (5) "Violation of unconstitutional law coming from Congress ([Maritime Drug Law Enforcement Act ("MDLEA")])."
>
> (6) "Violation of implementation of MDLEA requiring a 'stateless vessel' that petitioner denies that the vessel was 'stateless' and petitioner claims no jurisdiction because vessel was not in 'high seas.'"
>
> (7) "Violation to the congressional intention of MDLEA because court and US government assumed wrongly that the shipment of vessel was destined to the US."
>
> (8) "Violation of prosecution by choosing US District Court for Southern Florida Tampa Division as the venue of the Court instead of the US District Court of Puerto Rico that had the right venue, just

4

because the US District Court Of Puerto Rico, that
is in the 1st US Circuit had found MDLEA lacking
constitutional validity in the case of US V. Jessy
Davila (January 2022), choosing Southern Florida as
a venue deprived defendant of his 14th amendments
rights and violation of due process of law."

(Id.).

These claims are timely raised. (Civ. Doc. # 10 at 4).
But the government argues that grounds two through eight are
procedurally defaulted and, regardless, all claims fail on
the merits.

## A.   **Procedural Default**

The Court agrees with the United States that Mota
Rodriguez could have raised his arguments contained in
Grounds Two through Eight on direct appeal. (Civ. Doc. # 10
at 6). But Mota Rodriguez did not file an appeal and, thus,
failed to exhaust these arguments on direct appeal. Thus, he
defaulted these claims.

To avoid the default, Mota Rodriguez must establish one
of two narrow exceptions. The exceptions to the requirement
that Mota Rodriguez have raised these arguments on direct
appeal are (1) "cause and actual prejudice" or (2) that he is
"actually innocent." Bousley v. United States, 523 U.S. 614,
615 (1998).

5

Mota Rodriguez has not established cause and prejudice. Cause "ordinarily requires a showing of some external impediment preventing [Mota Rodriguez] from constructing or raising the claim." <u>Murray v. Carrier</u>, 477 U.S. 478, 479 (1986). "Ineffective assistance of counsel may satisfy the cause exception to a procedural bar." <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1344 (11th Cir. 2000).

Although he does not address his counsel's conduct in relation to cause and prejudice (or explicitly address cause and prejudice at all), the Court liberally construes Mota Rodriguez's ineffective assistance of counsel claim in Ground One as also being an attempt to establish cause. However, this construed attempt to establish cause fails because the "claim of ineffective assistance must have merit." <u>Id.</u> For the reasons explained later as to Ground One, Mota Rodriguez's claim of ineffective assistance of counsel has no merit. Because Mota Rodriguez cannot establish cause, the Court need not address prejudice.

Nor has Mota Rodriguez shown that he is actually innocent. "Actual innocence means factual innocence, not mere legal insufficiency." <u>Bousley</u>, 523 U.S. at 615 (1998). A petitioner like Mota Rodriguez "must show that it is more likely than not that no reasonable juror would have convicted

6

him in the light of the new evidence." <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995). Here, Mota Rodriguez does not claim in his Section 2255 Motion that he is actually innocent. Nor has he presented any evidence of actual innocence — that is, evidence making it more likely than not that no reasonable juror would have found him guilty. <u>See</u> <u>Korcz v. United States</u>, No. 219CR00193RDPJHE1, 2023 WL 2998483, at *8 (N.D. Ala. Apr. 18, 2023) ("Petitioner has not presented any evidence suggesting she is actually innocent, so she may only avoid default by demonstrating cause and prejudice.").

Thus, Mota Rodriguez has procedurally defaulted on Grounds Two through Eight. His Section 2255 Motion as to these grounds must be denied for this reason and no evidentiary hearing is required. <u>See</u> <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991) ("The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot satisfy the standard.").

**B.**    <u>**Merits**</u>

Alternatively, the Court agrees with the United States that all grounds fail on the merits.

1.  **Ground Five**

In Ground Five, Mota Rodriguez asserts that he suffered a "Violation of unconstitutional law coming from Congress (MDLEA)." (Civ. Doc. # 2 at 1). According to Mota Rodriguez, "the MDLEA law is lacking constitutional validity because it exceeded the power of US Congress." (Id. at 2). He also claims that the MDLEA is unconstitutional as applied to him because "he and the other two passengers of the ship established a claim of Dominican Republic's sovereignty by claiming nationality to that country thus again asserting lack of jurisdiction of US Courts." (Id.).

The argument that the MDLEA is facially unconstitutional fails because "[t]he constitutionality of the MDLEA is well established by circuit precedent." Borja v. United States, No. 8:22-cr-97-TPB-AEP, 2024 WL 3090556, at *2 (M.D. Fla. June 20, 2024) (denying 2255 motion raising similar arguments); United States v. Gruezo, 66 F.4th 1284, 1292 (11th Cir. 2023) ("To the extent Gruezo asserts that § 70502(d)(1)(B) [of the MDLEA] is facially unconstitutional, our prior precedent forecloses his facial challenge."), cert. denied, 144 S. Ct. 178 (2023). The Eleventh Circuit, which controls the decisions of this Court, "has held that the MDLEA is a valid exercise of Congress's power under the Felonies

Clause as applied to drug trafficking crimes without a 'nexus' to the United States." United States v. Cabezas-Montano, 949 F.3d 567, 587 (11th Cir. 2020). The Eleventh Circuit has also held that "the Fifth Amendment's Due Process Clause does not prohibit the trial and conviction of aliens captured on the high seas while drug trafficking because the MDLEA provides clear notice that all nations prohibit and condemn drug trafficking aboard stateless vessels on the high seas." Id.

Mota Rodriguez's reliance on the First Circuit's United States v. Davila-Reyes, 23 F.4th 153 (1st Cir. 2022), reh'g en banc granted, opinion withdrawn, 38 F.4th 288 (1st Cir. 2022), and on reh'g en banc, 84 F.4th 400 (1st Cir. 2023), is unavailing. The Eleventh Circuit has "decline[d] to adopt the holding of the First Circuit's now-withdrawn opinion in Davila-Reyes given [the Eleventh Circuit's] precedent concluding that other provisions of the MDLEA are constitutional under the Felonies Clause." United States v. Santos-Santana, No. 22-10367, 2022 WL 17973602, at *7 (11th Cir. Dec. 28, 2022), cert. denied sub nom. Vasquez-Rijo v. United States, 143 S. Ct. 2599 (2023).

Likewise, Mota Rodriguez's argument that the MDLEA is unconstitutional as applied to him lacks merit. Mota Rodriguez acknowledged under oath at his change of plea

hearing that the vessel was in international waters at the time of the interdiction, the vessel had no indicia of nationality, and no one claimed a nationality for the vessel when asked. (Crim. Doc. # 115 at 27-30); see Cabezas-Montano, 949 F.3d at 589 n.14 (finding that the Coast Guard boarding team's questions are "sufficient" to establish the vessel is stateless if they "ask all defendants if anyone wished to make a claim of nationality for the vessel" because then "any individual who possessed the authority to make a claim of registry or nationality for the vessel was given the opportunity to do so at the request of a duly authorized officer"). Thus, as Mota Rodriguez agreed, "the [vessel] was treated as without nationality, and subject to the jurisdiction of the United States." (Crim. Doc. # 115 at 29).

Mota Rodriguez has not satisfied the heavy burden of showing that his statements under oath admitting these facts during his plea colloquy were false. See Winthrop-Redin v. United States, 767 F.3d 1210, 1217 (11th Cir. 2014) ("[B]ecause Winthrop-Redin made statements under oath at a plea colloquy, 'he bears a heavy burden to show his statements were false.'" (citation omitted)); see also Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007) ("There is a strong presumption that statements made during the plea

colloquy are true. Consequently, a defendant bears a heavy burden to show that his statements under oath were false." (citations omitted)). The Court does not credit Mota Rodriguez's new conclusory allegations that the vessel was not stateless and was not in international waters. (Civ. Doc. # 2 at 1-2, 4).

Furthermore, by virtue of pleading guilty, Mota Rodriguez waived all non-jurisdictional arguments, including the argument that his vessel was not stateless. See Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."); United States v. Ruiz, 811 F. App'x 540, 543 (11th Cir. 2020) ("Ruiz's guilty plea also means he has waived his arguments that the government proffered insufficient evidence to support his conviction and that the district court relied on improper evidence to show that the vessel was stateless and therefore subject to the United States' jurisdiction under the MDLEA. *Ruiz's argument that his vessel was not stateless is a challenge to the district court's finding that the Coast Guard complied with*

*the MDLEA, not to the subject matter jurisdiction of the
district court.*" (emphasis added)).

For these reasons, the Motion is denied as to Ground
Five.

### 2.   <u>Grounds Three, Four, and Six through Eight</u>

In Grounds Three, Four, Six, Seven, and Eight, Mota
Rodriguez contends his conviction should be set aside because
(1) he was not brought before a court within 72 hours, (2)
the correct venue was Puerto Rico, (3) his right against self-
incrimination was violated, and (4) his offense had no nexus
to the United States. (Civ. Doc. # 2 at 1-2, 6). Each argument
fails.

Regarding venue, the MDLEA explicitly provides that a
defendant "may be tried in any district" if "the offense was
begun or committed upon the high seas, or elsewhere outside
the jurisdiction of any particular State or district." 46
U.S.C. § 70504(b)(2). Thus, it was not improper for this case
to be brought in this Court.

Next, Mota Rodriguez is incorrect that there is a 72-
hour deadline to bring a defendant before a magistrate judge.
Rather, a person arrested outside the United States must be
brought before a magistrate judge "without unnecessary
delay." Fed. R. Crim. P. 5(a)(1)(B). "[V]arious factors are

considered in determining whether a delay was unnecessary, including: (1) the distance between the location of the defendant's arrest in international waters and the U.S. port he was brought to; (2) the time between the defendant's arrival at the U.S. port and his presentment to the magistrate judge; (3) any evidence of mistreatment or improper interrogation during the delay; and (4) any reason for the delay, like exigent circumstances or emergencies." Cabezas-Montano, 949 F.3d at 591. Here, Mota Rodriguez has not established that the either ten-day or fourteen-day delay before he appeared before a magistrate judge was unreasonable. See Id. at 593 (finding, under plain error review, that a 49-day delay was not unreasonable for defendants arrested on the high seas more than 200 miles from the coast of Guatemala and El Salvador); United States v. Purvis, 768 F.2d 1237, 1239 (11th Cir. 1985) (holding that a five-day delay was reasonable for defendants arrested on the high seas approximately 350 miles from Key West).

As to his right against self-incrimination, the Eleventh Circuit "has long recognized that the Coast Guard's routine stop, boarding and inspection of an American vessel on the high seas does not normally rise to the level of custodial detention thus requiring Miranda warnings." United States v.

13

Rioseco, 845 F.2d 299, 302-03 (11th Cir. 1988); see also
Gruezo, 66 F.4th at 1292 (rejecting argument that "the MDLEA
violates [a defendant's] Miranda rights because it does not
require law enforcement to inform the master of the vessel of
the consequences of failing to make a claim of nationality or
registry"). Thus, Mota Rodriguez has not established that his
Fifth Amendment right was violated by the Coast Guard here.

Additionally, Mota Rodriguez's due process rights were
not violated, even if there was no "nexus" between the offense
and the United States. See Gruezo, 66 F.4th at 1293 ("Gruezo
fails to show that the absence of a 'minimum contacts' or
'nexus' requirement in the MDLEA violates the Due Process
Clause."); United States v. Wilchcombe, 838 F.3d 1179, 1186
(11th Cir. 2016) (rejecting argument that "the MDLEA violates
the Due Process Clause because it does not require proof of
a nexus between the United States and a defendant"). Indeed,
the Eleventh Circuit "has held that the Fifth Amendment's Due
Process Clause does not prohibit the trial and conviction of
aliens captured on the high seas while drug trafficking
because the MDLEA provides clear notice that all nations
prohibit and condemn drug trafficking aboard stateless
vessels on the high seas." Cabezas-Montano, 949 F.3d at 587.

Notwithstanding the above, Mota Rodriguez's knowing and voluntary guilty plea forecloses each of the arguments in Grounds Three, Four, and Six through Eight. "A valid guilty plea [] renders irrelevant — and thereby prevents the defendant from appealing — the constitutionality of case-related government conduct that takes place before the plea is entered." Class v. United States, 583 U.S. 174, 182 (2018). Therefore, these arguments are waived. See Wilson, 962 F.2d at 997 ("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."); United States v. Castillo, 899 F.3d 1208, 1214 (11th Cir. 2018) ("Castillo's guilty plea forecloses his argument 'that the 19 day delay before [he] appeared before a magistrate [judge] . . . [was] unreasonable' and 'violate[d] due process.'" (citation omitted)); Tiemens v. United States, 724 F.2d 928, 929 (11th Cir. 1984) (guilty plea waives speedy trial and due process challenges in a section 2255 proceeding); Franklin v. United States, 589 F.2d 192, 194-95 (5th Cir. 1979) (guilty plea waives claims regarding Miranda warnings, coerced confessions, perjury, and illegal searches and seizures in a section 2255 proceeding).

15

Finally, to the extent Mota Rodriguez references the Fourth Amendment briefly (Civ. Doc. # 2 at 3-4), the Court agrees with the United States that this claim is not cognizable. (Civ. Doc. # 10 at 5 n.2); see also Stone v. Powell, 428 U.S. 465, 482 (1976) ("[W]here the [government] has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a [] prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."). Regardless, as mentioned before, Mota Rodriguez waived this argument by pleading guilty. See Wilson, 962 F.2d at 997 ("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained.").

The Motion is denied as to these grounds.

### 3.   Ground Two

In Ground Two, Mota Rodriguez argues that his Eighth Amendment right against cruel and unusual punishment was violated by the Coast Guard when they detained him. (Civ. Doc. # 2 at 1). He complains that he was "transferred to the US Coast Guard vessel chained, left to sleep [] on the floor,

16

without a mattress and under unsanitary conditions, for at least 10 days before being transferred to US territory in Tampa, Florida." (Id. at 2).

The Court agrees with the United States that this claim "is conclusory, unsupported, and insufficient to entitle him to relief." (Civ. Doc. # 10 at 17); see United States v. Jones, 614 F.2d 80, 82 (5th Cir. 1980) ("Appellant Jones first contends that the Government engaged in a conspiracy to violate his constitutional rights. Appellant states no specific facts in support of his allegation and there is nothing in the record that suggests or implies that such a conspiracy existed. Jones' conclusory statement, therefore, is insufficient to state a constitutional claim."); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that conclusory statements, unsupported by specific facts or the record, are insufficient to demonstrate entitlement to habeas relief).

Furthermore, this claim is waived because Mota Rodriguez pled guilty. See Class, 583 U.S. at 182 ("A valid guilty plea [] renders irrelevant — and thereby prevents the defendant from appealing — the constitutionality of case-related government conduct that takes place before the plea is entered."); United States v. Rodriguez-Diaz, No. 8:18-cr-343-

17

SDM-MRM, 2023 WL 2264140, at *3 (M.D. Fla. Feb. 28, 2023) (denying 2255 motion alleging, among other things, cruel treatment by the Coast Guard because petitioner's guilty plea waived such challenges).

The Motion is denied as to Ground Two.

### 4.   Ground One

In Ground One, Mota Rodriguez asserts he "was subject to violations of his constitutional rights under the 6th Amendment to the US Constitution requiring effective assistance of counsel." (Civ. Doc. # 2 at 1). He argues that his counsel was ineffective for not raising the argument that either the "MDLEA is unconstitutional or it was applied in an unconstitutional way to" Mota Rodriguez. (Id. at 5). Mota Rodriguez further states that counsel was ineffective "by not rising [sic] any of these violations [of Mota Rodriguez's Eighth and Fifth Amendment rights] at his plea hearing or his sentencing hearing and for coercing verbally [Mota Rodriguez] to plead guilty to an unconstitutional law and or an unconstitutional way the law was enforce[d]." (Id. at 6).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S.

18

668, 687 (1984). To establish deficient performance, Mota Rodriguez must demonstrate by a preponderance of the evidence "that particular and identified acts or omissions of counsel 'were outside the wide range of professionally competent assistance.'" Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (citation omitted). In other words, Mota Rodriguez must show that "no competent counsel would have taken the action that his counsel did take." Id. at 1315. In deciding whether an attorney's performance was deficient, courts are "highly deferential" and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (internal quotation marks omitted).

To satisfy Strickland's second prong — prejudice — Mota Rodriguez must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "[I]f a claim fails to satisfy the prejudice component, the Court need not make a ruling on the performance component." Ortiz

v. United States, No 8:15-cr-409-VMC-JSS, 2017 WL 6021645, at *2 (M.D. Fla. Jan. 11, 2017).

This claim fails. To the extent Mota Rodriguez now claims in one sentence that his counsel coerced him into pleading guilty, this conclusory allegation is insufficient to entitle him to relief. See Winthrop-Redin, 767 F.3d at 1217 ("The district court is entitled to discredit a defendant's newly-minted story about being threatened when that story is supported only by the defendant's conclusory statements."); Borja, 2024 WL 3090556, at *3 ("Parra Borja's one-sentence claim in Ground Two that counsel rendered ineffective assistance by not protecting his constitutional rights is vague, conclusory, unsupported, and insufficient to sustain an ineffective assistance of counsel claim."). Also, his earlier statements under oath at his change of plea hearing refute this new allegation. Mota Rodriguez swore at his change of plea hearing that no one "threaten[ed], coerce[d], or force[d] [him] in any way to get [him] to consent to pleading guilty." (Crim. Doc. # 115 at 9-10). He agreed that no one made him any promises "to get [him] to consent to pleading guilty" and that he had an opportunity "to review all of the facts and all of the evidence in this case with [his] lawyer." (Id. at 10). Mota Rodriguez cannot now claim otherwise. See

20

Winthrop-Redin, 767 F.3d at 1217 ("[B]ecause Winthrop-Redin made statements under oath at a plea colloquy, 'he bears a heavy burden to show his statements were false.'" (citation omitted)). Mota Rodriguez has not satisfied the heavy burden of showing that his statements at his change of plea hearing were false. Thus, his argument about counsel's alleged coercion fails. His plea was knowing and voluntary.

Regarding counsel's failure to raise an argument that the MDLEA is unconstitutional or at least unconstitutional as applied to Mota Rodriguez, "this claim is foreclosed by binding precedent." Borja, 2024 WL 3090556, at *2. As the Court already addressed in denying Ground Five, the Eleventh Circuit has held that the MDLEA is constitutional. Cabezas-Montano, 949 F.3d at 587. Also, Mota Rodriguez's argument that his vessel was not stateless or was not in international waters lacks merit for the reasons explained as to Ground Five. See Ruiz, 811 F. App'x at 543 (explaining that "Ruiz's argument that his vessel was not stateless is a challenge to the district court's finding that the Coast Guard complied with the MDLEA, not to the subject matter jurisdiction of the district court," and such argument was waived by Ruiz's guilty plea).

Because Mota Rodriguez's arguments concerning the MDLEA lack merit, counsel was not ineffective for failing to raise those arguments. See Card v. Dugger, 911 F.2d 1494, 1520 (11th Cir. 1990) ("Counsel cannot be labeled ineffective for failing to raise issues which have no merit."); Borja, 2024 WL 3090556, at *3 ("Parra Borja demonstrates neither that counsel performed deficiently nor that he was prejudiced by counsel's performance in not challenging the constitutionality of the MDLEA. . . . [H]is challenge to the constitutionality of the MDLEA is foreclosed by binding precedent. And, counsel does not perform deficiently by failing to assert an argument that binding precedent forecloses."). And Mota Rodriguez was not prejudiced by that failure. See United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("[A] lawyer's failure to preserve a meritless issue plainly cannot prejudice a client."). Likewise, because Mota Rodriguez's arguments about the Fifth Amendment and Eighth Amendment lack merit for the reasons previously explained, his ineffective assistance claim based on those same arguments fails too.

"Furthermore, by pleading guilty, [Mota Rodriguez] waived claims based on events that occurred before entry of the plea, including a claim of ineffective assistance of

counsel" that is not based on the decision to plead guilty. Borja, 2024 WL 3090556, at *3; see also Wilson, 962 F.2d at 997 ("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."). Thus, Mota Rodriguez has waived his ineffective assistance claim regarding counsel's failure to raise arguments about the MDLEA, the Fifth Amendment, and the Eighth Amendment.

The Motion is denied as to Ground One.

## III. **Evidentiary Hearing**

As the Court readily determined that all of Mota Rodriguez's grounds lack merit, no evidentiary hearing is required. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); see also Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015)("To establish that he is entitled to an evidentiary hearing, Hernandez had to allege facts that would prove that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance.").

IV.   **Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

The Court declines to issue a certificate of appealability because Mota Rodriguez has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mota Rodriguez to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Mota Rodriguez shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Irdi Reynardo Mota Rodriguez's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. ## 1, 2; Crim. Doc. ## 113, 114) is **DENIED.** The Clerk is directed to enter judgment for the United States of America and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of September, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

24